NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAYMOND F. JUSTIS,**
*Petitioner*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent*

---

2023-1531

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-16-0188-I-1.

---

PER CURIAM.

## O R D E R

Having considered the responses to this court's July 27, 2023, order to show cause, we now transfer the case to the United States District Court for the Eastern District of Pennsylvania.

This court has jurisdiction to review final decisions of the Merit Systems Protection Board except in "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," 5 U.S.C. § 7703(b)(2), involving an allegation of an action appealable to the Board and an allegation of covered discrimination.  *See* 5 U.S.C. § 7703(b)(1); 28 U.S.C.

§ 1295(a)(9).  Those cases belong instead in federal district court.  5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420 (2017); *Diggs v. Dep't of Hous. & Urb. Dev.*, 670 F.3d 1353, 1357 (Fed. Cir. 2011).  Here, consistent with record evidence, *see, e.g.*, ECF No. 20 at 70, the Board noted that Raymond F. Justis was challenging his removal based, in part, on allegations of retaliation for Equal Employment Opportunity activities, and Mr. Justis' filings with this court indicate he continues to seek review of his discrimination claim.  Thus, we lack jurisdiction over this case.

Where we lack jurisdiction, and if it is in the interest of justice, we shall transfer a case to an appropriate court.  28 U.S.C. § 1631.  Mr. Justis requests transfer to the United States District Court for the District of Maryland (the district where he is currently incarcerated), but that does not appear to be a proper venue.  *See* 5 U.S.C. § 7703(b)(2) ("Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)) . . . ."); 42 U.S.C. § 2000e–16(c) (specifying a federal employee or applicant "may file a civil action as provided in section 2000e-5"); 42 U.S.C. § 2000e-5(f)(3) (providing that suit may be brought "[i]n any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office").  Instead, we conclude that transfer to the United States District Court for the Eastern District of Pennsylvania (where Mr. Justis worked prior to his removal) is appropriate.

Accordingly,

JUSTIS v. DEPARTMENT OF AGRICULTURE                    3

IT IS ORDERED THAT:

This matter and all of the filings are transmitted to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1631.

FOR THE COURT

October 25, 2023
        Date

Jarrett B. Perlow
Clerk of Court